The order below is hereby signed.

Signed: May 1 2017



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10012 |
| BEAL BANK, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DISMISSING ADVERSARY PROCEEDING

On April 4, 2017, the debtor filed a document in the main bankruptcy case titled *Complaint Objecting to Beal Bank Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)*, with the caption referring to Beal Bank as the movant against the debtor, Martha A. Akers. The court treated the document as an opposition to Beal Bank's motion for relief from the automatic stay. The court found that the document failed to set forth any basis for denying the motion for relief from the

automatic stay, and has granted that motion.

The Clerk's office reports that the debtor advised it that she wanted the document docketed as an adversary proceeding complaint. On April 24, 2017, the Clerk's office docketed the document as a complaint commencing this adversary proceeding, Adversary Proceeding Number 17-10012.

The complaint alleges:

> I, hereby certify that I, Martha Akers is the rightful owner of 1368 H Street, NE, Washington, D.C. This enforcement action is brought to remedy unlawful acts, wrongful foreclosure, fraud. et al

Such conclusory allegations of a wrongful act do not pass muster under the requirements for stating a claim upon which relief can be granted. Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a claim for relief may not rest on mere conclusions, but must assert specific facts; and the claim for relief must be "plausible." Here, the

allegations are purely conclusory in nature.[1]  The complaint continues:

> Count 1. A federal courts have authority to resolve complicated disputes of violations of constitutional amendments, fraud, duress, and action pursuant to section 28 U.S.C. 455, 28 U.S.C. 144, judgment entered, contrary to the law. Misrepresenting or deceptive omissions of material fact constitute deceptive acts or practices prohibited by section 5(a) of the FTC Act, 15 U.S.C. §§ 45(a) & 45(n).
> Count 2. Tortiously interferes " by deprivation of rights under the color of law.
> Count 3. In Public Interest, injustice to one is the foundation for injustice to all U.S. Citizens.

These allegations do not allege any act by Beal Bank, and even if they could be read as implicitly alleging that Beal Bank engaged in conduct barred by the cited provisions of law, the allegations, again, are conclusory allegations that fail to state a claim upon which relief can be granted.

Because the complaint so plainly is not one pleading a claim upon which relief can be granted, the court will not have the Clerk issue a summons directing Beal Bank to respond and setting

---

[1] It is worth noting that 1368 H Street, NE, Washington, D.C. is not even Beal Bank's collateral: instead, as revealed by Beal Bank's motion for relief from the automatic stay, it has a lien on other property.  Another entity, 1368 H Street LLC, is the entity claiming to own 1368 H Street, NE, pursuant to a foreclosure sale by Windward Capital Corporation, a mortgagee other than Beal Bank, as is evident from proceedings relating to 1368 H Street, LLC including 1368 H Street, LLC's motion for relief from the automatic stay in the main bankruptcy case and Adversary Proceeding No. 17-10011 brought against 1368 H Street, LLC) and is evident from adversary proceedings Akers brought against Windward Capital Corporation in a prior bankruptcy case of Akers.

a scheduling conference.  Instead, the court will dismiss this adversary proceeding without prejudice.  If the debtor has any meritorious claim against Beal Bank, it is best that the debtor start on a clean slate.  The debtor is free to file a complaint commencing a new adversary proceeding in which she alleges claims against Beal Bank based on facts (not mere conclusory allegations) establishing a claim upon which relief can be granted.  This is no hardship to the debtor as she is charged no fee for filing an adversary proceeding complaint.

In accordance with the foregoing, it is

ORDERED that this adversary proceeding is dismissed without prejudice.

[Signed and dated above.]

Copies to: All counsel of record.